### PANAMA R. CO. v. CASTILLA.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1921.)

No. 3566.

1. **Parent and child ⊂⇒1—Child born out of wedlock held "illegitimate child," when not acknowledged pursuant to statute.**

   Under Civ. Code Panama, arts. 6, 52, 54–57, relative to legitimate and illegitimate children, a child born out of wedlock of intercourse not punishable was simply illegitimate, where the mother had not complied with the statutory requirements as to acknowledgment by public instrument or testamentary act.

2. **Death ⊂⇒31(7)—Mother of illegitimate child has no right of action under law of Canal Zone.**

   There being no statute in the Canal Zone declaring an illegitimate child legitimate as to its mother, the mother has no right of action for a wrongful act causing death.

3. **Bastards ⊂⇒10—Statute of Panama as to relation to mother held not in force in Canal Zone.**

   A Panama statute providing that acknowledgment on the part of the mother is presumed with respect to certain illegitimate children, and that they shall be considered as natural in relation to her as if recognized, is repealed as to the Canal Zone, because not included in the Civil Code continued in force in the Canal Zone, and in conflict with provisions included in such Code.

In Error to the District Court of the Canal Zone; John W. Hanan, Judge.

Action by Camila Castilla against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

Frank Feuille and Walter F. Van Dame, both of Ancon, C. Z., for plaintiff in error.

William C. MacIntyre and W. C. Todd, both of Cristobal, C. Z., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This action was brought by defendant in error, herein called plaintiff, against plaintiff in error, herein called

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant, for the alleged negligent killing of plaintiff's minor son, of the age of six years, which occurred in a wreck of one of defendant's trains in the Canal Zone. The complaint alleged that the child was plaintiff's natural son. This allegation was denied by the answer. Plaintiff was never married. When her son was about a year old, he was placed in the custody of James Rock and his wife, Rachel Rock, and remained in their custody until both he and Rachel were killed in the wreck of the train on which they were passengers. The child had never been acknowledged by plaintiff by any public instrument or testamentary act. There was judgment for plaintiff.

The question whether a cause of action for death by wrongful act exists in the Canal Zone was raised by demurrer to the complaint, the overruling of which is assigned as error. That question has been considered and disposed of adversely to defendant in Panama Railroad Co. v. James Rock (C. C. A.) 272 Fed. 649, this day decided, and what is there stated need not be repeated here. That case is decisive of this upon all questions, except upon that of whether plaintiff sustained such relation to the deceased child as to authorize a recovery by her.

[1] The Civil Code of Panama, in force in the Canal Zone, contains the following provisions:

"Legitimate children are called those conceived during the real or putative marriage of their parents, which produces legal effects, and those legitimated by the marriage of the same, subsequently to the conception. All others are illegitimate." Article 6, p. 544.

"Illegitimate children are natural or begotten in criminal and punishable intercourse, or simply illegitimate." Article 52, p. 27.

"Children born out of wedlock, not of punishable intercourse, may be acknowledged by their parents or by one of them, and shall have the legal quality of natural children with respect to the father or the mother who may have acknowledged them." Article 54, p. 561.

"The acknowledgment is a free and voluntary act of the father or mother who acknowledges." Article 55, p. 561.

"The acknowledgment must be made by a public instrument inter vivos, or by a testamentary act." Article 56, p. 561.

"The acknowledgment of the natural child must be notified and accepted or repudiated in the same manner as legitimation would be, according to Title II of the Civil Code." Article 57, p. 562.

Plaintiff having failed to comply with these statutory requirements as to acknowledgment, it follows that her deceased child was "simply illegitimate."

[2] By statute in some of the states an illegitimate child is declared to be legitimate as to its mother, but there is no law to that effect in the Canal Zone, and consequently there is no right of action in the plaintiff.

[3] To sustain recovery, reliance is had upon an act of the Republic of Panama of 1890, which provides that acknowledgment on the part of the mother is presumed with respect to children conceived by her when she was a single woman, and that such children "shall be considered as natural in relation to the mother, as if they had been recognized by a public instrument." But this act of 1890 is not included in the Civil Code of the Laws of Panama continued in force in the

Canal Zone, and, inasmuch as it is in conflict with the provisions above quoted, which were included, it must be considered as having been repealed.

The judgment is therefore reversed.

WALKER, Circuit Judge, concurs in the result.